UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL J. MORALES | § | |
| | § | Civil Action No. B-03-082 |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of the | § | |
| Social Security Administration | § | |
| | § | |
| Defendant | § | |

**AFFIDAVIT OF JOHN J. INGRAM II
IN SUPPORT OF UNOPPOSED MOTION FOR AWARD OF ATTORNEY FEES**

STATE OF TEXAS
COUNTY OF HIDALGO

My name is John J. Ingram II. I am competent to make this affidavit and have personal knowledge of the facts stated herein.

I am an attorney licensed to practice in the State of Texas and in the United States District Court for the Fifth Circuit Court of Appeals and the Southern District of Texas.

The plaintiff, Michael Morales, retained me to represent him in this civil action arising under the Social Security Act.

My fee is One Hundred and Twenty-Five Dollars ($125.00) per hour. The overall median attorney fee in Houston, Texas, is One Hundred and Fifty Dollars ($150.00) per hour. See: "Texas Attorneys Report on Hourly Rates," 59 Texas Bar Journal 114.

As a result of the Order of this Court dated November 2, 2004, the plaintiff became a prevailing party in the above-captioned action and became entitled to an award of attorney fees

and costs pursuant to the Equal Access to Justice Act (28 USC 2412).

Attached hereto is Exhibit 1 which is a summary of the undersigned attorney's time and the expenses the Plaintiff has incurred in maintaining this action. The hours and costs claimed are reasonable. Exhibit 1 has been reviewed by the Commissioner's Counsel who concurs in the amounts requested and agrees that they are reasonable.

I have had over 4 years experience in handling social security cases and, therefore, have developed an expertise in this area of law which enabled me to render the necessary legal services more expeditiously than an attorney without such experience.

This matter required legal research into whether; (1) a formal diagnosis of mental retardation is required before the Commissioner can reach a conclusion that plaintiff's intelligence test scores meet or equal in severity to the requirements of Section 12.05 of the Listing of Impairments, (2) the ALJ should have obtained a consultative psychological evaluation and the testimony of a medical expert to determine whether Morales' mental impairment meets or equals the criteria under Section 12.05B of the Listing of Impairments, (3) the ALJ should have obtained a consultative psychological evaluation, if Morales could not be found disabled on medical factors alone, and the testimony of a medical expert to determine whether he has functional limitations, (4) the ALJ was required to obtain expert vocational testimony to determine what work, if any, Morales could do because of his work-related mental limitations as an adult significantly impact his potential occupational base for unskilled work, and (5) the harmless error rule applies to this case because unresolved issues of fact are material to the ultimate decision of whether Morales is under a disability within the meaning of the Act.

The total attorney fee of $ 6,737.50 along with $405.00 costs, is reasonable considering (1) time and labor required for the litigation, (2) the novelty and difficulty of the issues presented, (3) the skill required to perform the legal services properly, (4) the customary fee, and (5) the other factors set forth by the Court of Appeals for the Fifth Circuit in determining a reasonable lodestar fee.  See:  <u>Johnson v. Georgia Highway Express, Inc.</u> 488 F. 2d 714, 717-719 (5th Cir. 1974).

An award of attorneys fees under the Social Security Act for services rendered at the judicial level do not preclude an award of attorneys' fees for those same services under EAJA. 28 U.S.C.A § 2412 note (Pub. L. No. 96-481 § 206(b), as amended by Pub. L. 99-80 § 3).  See <u>Frazier v. Apfel,</u> 240 F.3d 1284 (10th Cir. 2001)(holding that attorney's fees available under the EAJA and under the Social Security Act are two different kinds of fees and must be separately awarded).   However, where the claimant's attorney receives fees for the same work under both the Social Security Act and EAJA, the attorney must refund the claimant the amount of the smaller fee. 28 U.S.C.A. § 2412 note (Pub. L. 96-481 § 206(b), as amended by Pub. L. 99-80 § 3).  See <u>Hayes v. Callahan</u>, 973 F.Supp. 1290, 1292 (D. Kan. 1997).

The plaintiff is not responsible for payment of any other legal fees or expenses except those which are allowable under EAJA for representation in this cause only because the undersigned attorney has agreed with the Plaintiff to limit his services to federal court work. The court having rendered a judgment under the fourth sentence of 42 U.S.C.A. 405(g), it no longer has jurisdiction over this case.  If the plaintiff is successful in obtaining social security benefits after the next administrative hearing of this claim, the 42 U.S.C.A. 406(a) fees (if any)

will be withheld from past-due benefits, or will be paid directly by the plaintiff to his non-attorney representative.

> JOHN J. INGRAM II
> John J. Ingram, II
> Attorney-in-Charge
> Texas Bar No. 24025447
> 3016-A N. McColl
> McAllen, Texas 78501
> (956) 661-0074 - Telephone
> (956) 661-0047 - Facsimile

SWORN TO and SUBSCRIBED before me by John J. Ingram II on November 16, 2004.

THELMA G. JASSO
Notary Public, State of Texas
My Commission Expires
October 15, 2005

NOTARY PUBLIC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing: "AFFIDAVIT OF JOHN J. INGRAM II IN SUPPORT OF UNOPPOSED MOTION FOR AWARD OF ATTORNEY FEES" has been furnished to has been furnished to the opposing counsel on _November 16, 2004_ by United States mail and by facsimile.

    Tasha Stevenson, Attorney-in-Charge
    Special Assistant U. S. Attorney
    Office of the General Counsel, SSA
    1301 Young Street, Suite 430
    Dallas, Texas 75202
    Telephone: (214) 767-4536
    Facsimile: (214) 767-9189

                        JOHN J. INGRAM II
                        John J. Ingram, II
                        Attorney-in-Charge
                        Texas Bar No. 24025447
                        Federal Bar No. 25468
                        3016-A N. McColl
                        McAllen, Texas 78501
                        (956) 661-0074 - Telephone
                        (956) 661-0047 - Facsimile