UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL J. MORALES | § § § | Civil Action No. B-03-082 |
| Plaintiff | § § § | |
| v. | § § § | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration | § § § § § | |
| Defendant | § | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S UNOPPOSED APPLICATION FOR ATTORNEY FEES AND COSTS
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT
(28 USC 2412)**

**INTRODUCTION**

The plaintiff succeeded in obtaining a favorable decision on a claim for disability benefits under titles II and XVI of the Social Security Act ("Act") in a civil action. The plaintiff now seeks reimbursement for attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). The plaintiff demonstrates in this memorandum of law that he meets the requirements for an award of attorney fees and costs totaling $7,142.50 and that the amount of the compensation is reasonable.

**ARGUMENTS**

I.  **THE COURT SHOULD AWARD THE PLAINTIFF ATTORNEY FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT**

   A.  **Legal Basis for Award**

   A claimant for social security benefits may obtain an award of attorney fees and other

expenses associated with a civil action pursuant to EAJA when the court finds (28 USC 2412(d)):

1. the application was timely filed;

2. the plaintiff is a prevailing party;

3. the plaintiff had a net worth not exceeding two million dollars at the time the action was filed; and

4. the position of the United States in litigation or in the action of the agency upon which the civil action was based was not substantially justified and there are no special circumstances which make an award under EAJA unjust.

If a judgment is render under the fourth sentence of 42 USC 405(g) (involving a district court's affirmation, reversal, or modification of an administrative decision), the plaintiff becomes a prevailing party at the time of entry of the judgment for purposes of filing for EAJA fees even though the plaintiff does not become entitled to benefits under administrative review is concluded. Shalala v. Shaefer, 509 US 292, 113 S.Ct. 2625 (1993).

If, on the other hand, the case is remanded under the sixth sentence of 42 USC 405(g) (involving the Commissioner's request for remand before filing an Answer or involving new and material evidence), the plaintiff does not attain "prevailing party" status until and unless benefits are awarded; however, attorney fees and costs may be available for representing the plaintiff in administrative proceedings before the agency because such proceedings are merely supplemental to the civil action and remain subject to ultimate approval by the court which retains jurisdiction over the matter. Sullivan v. Hudson, 490 US 877, 109 S.Ct. 2248 (1989).

### B. Plaintiff's Application Is Timely Filed

When a case is remanded pursuant to the fourth sentence of 42 USC 405(g), the time limit for filing the EAJA motion is the same as when the court reverses the decision of the Commissioner and awards benefits. Therefore, the motion is due between 60 and 90 days from the date of the entry of judgment (or within 30 days of the date the judgment is no longer appealable) (28 USC 2412(d)(1)(B) and 2412(d)(2)(G)). Shalala v. Schaefer, 113 S. Ct. 2625, 2632 (1993).

When a case is remanded pursuant to the sixth sentence of 42 USC 405(g) [that is, those made on motion of the Commissioner prior to answer and those made when new evidence exists and there was good reason not to include such evidence in the administrative proceeding], the time limit for filing the EAJA motion does not begin until after the post-remand proceedings are completed, the Commissioner returns to court, the court enters a final judgment, and the appeals period runs. Melkonyan v. Sullivan, 111 S. Ct. 2157, 2165 (1991).

The plaintiff's Unopposed Application for Attorney's Fees was filed on November 17, 2004.

### C. Plaintiff Is a Prevailing Party

A plaintiff who obtains a remand pursuant to the fourth sentence of 42 USC 405(g) is a "prevailing party" for purposes of EAJA because the plaintiff succeeded on a significant issue which achieved some of the benefit sought in bringing the civil action. Shalala v. Schaefer, 113 S. Ct. 2625, 2632 (1993).

A plaintiff who obtains a remand pursuant to the sixth sentence of 42 USC 405(g) becomes a "prevailing party" for purposes of EAJA if he or she wins on remand.

The plaintiff filed her Plaintiff's Brief for Appellant on June 2, 2004 with the Fifth Circuit Court of Appeals contending that; (1) a formal diagnosis of mental retardation is not required before the Commissioner can reach a conclusion that plaintiff's intelligence test scores meet or equal in severity to the requirements of Section 12.05 of the Listing of Impairments, (2) the ALJ should have obtained a consultative psychological evaluation and, if necessary, the testimony of a medical expert to determine whether Morales' mental impairment meets or equals the criteria under Section 12.05B of the Listing of Impairments, (3) if Morales could not be found disabled on medical factors alone, the ALJ should have obtained a consultative psychological evaluation and, if necessary, the testimony of a medical expert to determine whether he has functional limitations, (4) the ALJ was required to obtain expert vocational testimony to determine what work, if any, Morales could do because of his work-related mental limitations as an adult significantly impact his potential occupational base for unskilled work, and (5) the harmless error rule does not apply to this case because unresolved issues of fact are material to the ultimate decision of whether Morales is under a disability within the meaning of the Act.

The defendant Commissioner filed a motion with the Fifth Circuit Court of Appeals on or about July 12, 2004 to vacate her final administrative decision and to remand this case for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. section, 405(g). Specifically, the Commissioner requested remand in order to direct the ALJ to obtain a consultative psychological examination with IQ testing as well as a mental capacities assessment. The ALJ will furnish rationale in support of his residual functional capacity assessment, and will obtain vocational expert testimony, since the Plaintiff's only limitation appears to be non-exertional.

The Court of Appeals for the Fifth Circuit entered a judgment reversing the district court's judgment, granted the Commissioner's motion to remand, and remanded the appeal pursuant to the fourth sentence of 42 U.S.C. Section 405(g) to the district court with instructions to remand to the Commissioner for rehearing on October 20, 2004. This Court remanded this case to the Commissioner of Social Security for a rehearing pursuant to the Fifth Circuit Court of Appeal's October 20, 2004 ruling on November 2, 2004.

**D.     Plaintiff's Net Worth Was Less Than Two Million Dollars**

The plaintiff's net worth was less than two million dollars ($2,000,000.00) at the time the civil action was filed.

**E.     Government's Position Was Not Substantially Justified**

The EAJA provides that fees shall be awarded to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust" (28 USC 2412(d)(1)(A)).

The "position of the United States" includes both the "position taken by the United States in the civil action [and] the action or failure to act by the agency upon which the civil action is based" (28 USC 2412(d)(2)(D)).

The Government's position is not "substantially justified" unless it has a "reasonable basis both in law and in fact" sufficient to satisfy a "reasonable person." Pierce v. Underwood, 487 US 552, 108 S. Ct. 2541 (1988).

Although the plaintiff must allege that the position taken by the Government was not substantially justified, the Government has the burden of proving that its position in every stage of the proceedings, both in the underlying administrative proceeding and in the civil action, was

substantially justified.  Baker v. Bowen, 839 F.2d 1075 (5th Cir. 1988).

The Government's position, both at the administrative level and before this court, lacked substantial justification in the following respects:

**1.     No Reasonable Basis in Law**

Substantial justification is lacking whenever the Commissioner's position is contrary to well-established legal principles.  Martin v. Heckler, 754 F.2d 1262, 1265 (5th Cir. 1985).

In this case the Commissioner's decision is not substantially justified because the ALJ failed to obtain a consultative psychological evaluation and the testimony of a medical expert to determine whether Morales's mental retardation meets or equals the criteria under section 12.05B of the Listing of Impairments.  Without a medical opinion, the ALJ could not determine whether Morales's IQ score of 58 is still valid and, if so, whether that IQ score measured on the Wechsler scale for children equates to the same score on the Wechsler scale for adults.  The ALJ should also have obtained a consultative psychological evaluation and, the testimony of a medical expert to determine whether Morales has functional limitations in terms of his ability to understand, carry out, and remember instructions; to use judgment in making work-related decisions; to respond appropriately to supervision, co-workers, and work situations; and to deal with changes in a routine work setting (Social Security Ruling 85-15).  The ALJ was required to obtain expert vocational testimony to determine what work, if any, Morales could do because his work-related mental limitations as an adult significantly impact on his potential occupational base for unskilled work (Social Security Ruling 96-9p).

## 2. No Reasonable Basis in Fact

Substantial justification may be, and generally is, lacking whenever the Commissioner's findings of fact are not supported by substantial evidence. Baker v. Bowen, 839 F.2d 1075, 1081 (5th Cir. 1988).

The ALJ's findings are not supported by substantial evidence because he failed to obtain a consultative psychological evaluation and the testimony of a medical expert to determine whether Morales's mental retardation meets or equals the criteria under section 12.05B of the Listing of Impairments. Without a medical opinion, the ALJ could not determine whether Morales's IQ score of 58 is still valid and, if so, whether that IQ score measured on the Wechsler scale for children equates to the same score on the Wechsler scale for adults. The ALJ should also have obtained a consultative psychological evaluation and, the testimony of a medical expert to determine whether Morales has functional limitations in terms of his ability to understand, carry out, and remember instructions; to use judgment in making work-related decisions; to respond appropriately to supervision, co-workers, and work situations; and to deal with changes in a routine work setting (Social Security Ruling 85-15). The ALJ was required to obtain expert vocational testimony to determine what work, if any, Morales could do because his work-related mental limitations as an adult significantly impact on his potential occupational base for unskilled work (Social Security Ruling 96-9p).

## II. THE AMOUNT OF THE AWARD REQUESTED IS REASONABLE

The statutory maximum hourly fee permitted under EAJA for civil actions filed on or after March 29, 1996, is $125.00 per hour [P.L. 104-121, increasing the rate from $75.00 per hour] unless the court determines that an increase in the cost of living or a special factor, such as

7

a limited availability of qualified attorneys for the proceedings involved, justifies a higher rate. 28 USC 2412(d)(2)(A). See also: Baker v. Bowen, 839 F.2d 1075 (5th Cir. 1988).

The median hourly rate for attorneys in the Houston area is $150.00 per hour. See: Spanhel, "Texas Attorneys Report on Hourly Rates", 59 Texas Bar Journal 114-115 (February 1996). The typical number of hours spent for work performed in the district court or appellate court range from 40 to 122 hours. See: Martin v. Heckler, 754 F.2d 1262 (5th Cir. 1985) [122.10 hours for work in district court and 38.60 hours for work in appellate court]; Ofrey v. Secretary HHS, 741 F. Supp. 53 (W.D. N.Y. 1990) [57.80 hours approved]; Johnson v. Bowen, 735 F. Supp. 329 (E.D. Mo. 1990) [51.30 hours approved).

The amount requested by the plaintiff for attorney fees and other expenses is reasonable for the following reasons:

1. The plaintiff's attorney was able to spend less time than would have been required by an attorney unfamiliar with the legal issues peculiar to a social security case and the detailed analysis of the medical evidence required to support the plaintiff's claim of disability. The plaintiff's attorney has limited his practice to social security law and has been in this practice for more than four years.

2. Effective representation of the plaintiff required legal research in social security case law and the preparation of Plaintiff/Appellant's Brief. The time spent in the legal research and drafting of these documents for the court is justified because of the time and labor required for the litigation; multiple areas of law; and the novelty and difficulty of the issues presented.

### III. PLAINTIFF IS NOT RESPONSIBLE FOR PAYMENT OF ANY OTHER LEGAL FEES OR EXPENSES

The plaintiff is not responsible for payment of any other legal fees or expenses except those which are allowable under EAJA for representation in this cause only. The court having rendered a judgment under the fourth sentence of 42 USC 405(g), it no longer has jurisdiction over this case. If the plaintiff is successful in obtaining social security benefits after the next administrative hearing of this claim, the attorney fee (if any) will be withheld from past-due benefits, or will be paid directly by the plaintiff to his or her non-attorney representative.

### CONCLUSION

Based on the foregoing reasons, the court should grant the plaintiff's application for attorney fees and costs in the amount of $7,142.50 pursuant to EAJA, plus such additional fees and costs that may be submitted at the time of any reply memorandum to reflect work done on attorney fee litigation, and further grant such other relief as the court may deem just, proper, and equitable.

Respectfully submitted,

John J. Ingram, II
Attorney-in-Charge
Texas Bar No. 24025447
Federal Bar No. 25468
3016-A N. McColl
McAllen, TX 78501
(956) 661-0074 - Telephone
(956) 661-0047 - Facsimile

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing: "MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED APPLICATION FOR ATTORNEY FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (28 USC 2412)" has been furnished to the opposing counsel on November 16th 2004 by United States mail and by facsimile.

        Tasha Stevenson, Attorney-in-Charge
        Special Assistant U. S. Attorney
        Office of the General Counsel, SSA
        1301 Young Street, Suite 430
        Dallas, Texas 75202
        Telephone: (214) 767-4536
        Facsimile: (214) 767-9189

## CERTIFICATE OF CONFERENCE

On November 16, 2004, Defendant's counsel was contacted regarding the merits of this request for approval of the application for attorney fees and costs. Ms. Stevenson is **unopposed** to the: **"UNOPPOSED MOTION FOR AWARD OF ATTORNEY FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT(28 USC 2412)"**.

_____

ATTORNEY FOR PLAINTIFF